# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARRY MAURICE BANKS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COOK COUNTY MUNICIPALITY, )<br>PSYCHIATRIST HOWARD, and )<br>PSYCHIATRIST KILDER, )<br>)<br>Defendants. ) | Case No. 12 C 5726 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The *pro se* plaintiff in this case, Larry Maurice Banks, is a detainee at the Cook County Jail. He is a very experienced *pro se* litigant. He has filed over two dozen cases in this district. *See In re Banks*, No. 13 C 1014 (N.D. Ill.) (Dkt. No. 1).

In his complaint in this case, which Mr. Banks filed pursuant to 42 U.S.C. § 1983, he alleged that he was not receiving necessary mental health care at the Jail, including not receiving necessary medication. He alleged that he was suffering from a mental illness and was experiencing corresponding physical symptoms, including weight loss and inability to sleep.

At the time he filed this suit, Mr. Banks had "struck out" pursuant to 28 U.S.C. § 1915(g). He sought refuge in the "imminent danger" exception under that statute. The Court issued an order in August 2012 stating that this did not excuse Mr. Banks from filing an application to proceed *in forma pauperis* ("IFP"). Mr. Banks filed such an

application later in August 2012. Like all IFP applications, it was submitted under penalty of perjury, and it contained a specific warning that the Court "shall dismiss this case at any time if the court determines that the allegation of poverty is untrue." IFP Applic. at 4.

The Court reviewed Mr. Banks's application, found that it established Mr. Bank's indigence and his inability to prepay the filing fee, and granted him leave to proceed IFP. That order was entered in early October 2012. The case then sat in limbo for several months while awaiting service of summons on the defendants by the U.S. Marshal.

On March 20, 2013, the Court, on its own motion, directed Mr. Banks to show cause why his IFP status should not be revoked. The Court's order stated, in relevant part, as follows:

> This District's Local Rule 40.3(b)(1) requires all of Petitioner's conditions of confinement cases to be assigned to this Court. The Court's recent experience with Plaintiff's other conditions of confinement cases has lead [sic] the Court to reexamine its IFP ruling in this case.
>
> In this case, to support his IFP petition, Plaintiff claimed that he was impoverished. (Dkt. No. 5). His jail trust fund account ledger attached in support of his IFP motion showed that his account contained only a few dollars and had $780 in deposits in the six months leading up to the filing of the present case. (Dkt. No. 5). Plaintiff had spent the money at the jail commissary, depleting the account. Plaintiff did not disclose any other assets.
>
> Despite the claim of poverty, a review of the docket shows that Plaintiff was able to pay the $350 filing fee in three other cases, Banks v. Cook County, No. 11 C 6113 (N.D. Ill.), Banks v. Cook County, No. 12 C 2341 (N.D. Ill.), Banks v. Cook County, No. 12 C 3833 (N.D. Ill.). These fee payments were made at the same time that Plaintiff was representing in this case that he was impoverished and lacked any assets to pay the filing fee. In addition, Plaintiff recently paid the full filing fee in Banks v. Muhammad, No. 12 C 2493 (N.D. Ill.). It thus appears that Plaintiff has a source of income that he is using to pay filing fees that is not disclosed on

2

his jail trust fund account ledger and that he did not disclose on the IFP application that he filed in this case. The Court is inclined, based on this evidence, to revisit its IFP ruling and revoke Plaintiff's IFP status on the ground that he is able to pay the filing fee in this case. The Court therefore orders Plaintiff to [show] cause why his IFP status should not be revoked.

Order of Mar. 20, 2013.

In February 2013 – prior to this Court's entry of the March 20 order – this District's Executive Committee issued an order barring Mr. Banks from filing further documents until he paid approximately $3100 in unpaid filing fees. On April 1, 2013, Mr. Banks provided a check paying the amount the Executive Committee stated was due. This was memorialized in an Executive Committee order dated April 12, 2013, a copy of which was entered on the docket in this case. See Dkt. No. 19. In short, in the period prior to and following his sworn representation in his IFP petition that he was impoverished and unable to pay the filing fee, Mr. Banks paid a total of about $4500 in filing fees.

In response to the Court's March 20, 2013 order directing him to show cause why his IFP status should not be revoked, Mr. Banks explained his payment of these fees as follows:

> Plaintiff gives the reason why he's able to pay the above IFP (in forma pauperis application), and the reason why he's able to survive while incarcerated in Cook County Jail, because of the Moorish Science Temple of America, Inc. giving Plaintiff gifts.

Pl.'s Resp. at 1. Mr. Banks says that he is a "grand sheik" of the Moorish Science Temple, "better known as the United Nuwaubian Nation of Moors," and that as such "his duty is to teach Islamism." Id. Mr. Banks says that he is not paid a fee for this but does "receive gifts from the grand governor" of the Temple.

3

*Id.* at 2. He says that 'I don't not [sic] know when he's or she's going to send them, because they never tell me anything." *Id.* Mr. Banks further states that "I inform the Nation about my litigating cases. The Temple is able to do their own research by google [sic] my name Larry M. Banks, and see what I'm doing, the next thing I know is I receive money. These individuals have pay [sic] many things for me." *Id.*

Mr. Banks states in his response to the show cause order that "[t]he reason why I didn't disclose anything about the Nation, because, they give me gifts. A gift is a gift. According to the IRS laws a person can receive a gift, and it doesn't have to be reported. I have done nothing wrong." *Id.* Mr. Banks specifically affirms in his letter that the Moorish Science Temple paid the amount due pursuant to the Executive Committee's order, as well as, significantly, the fees in the four cases identified by this Court in its March 20, 2013 order (Case Nos. 11 C 6113, 12 C 2341, 12 C 3833, and 12 C 2493). *Id.* at 2-3.

As indicated earlier, Mr. Banks is a very experienced litigant. He is knowledgeable in the Court's procedures. The IFP form that Mr. Banks filed in this case under penalty of perjury specifically required him to disclose any gifts. *See* Dkt. No. 5, question 4(e). In response to this question, in which he was asked to state whether he had "received more than $200 in the past twelve months from any of the following sources," and specifically listing "gifts" as one of those sources, Mr. Banks responded, "N/A." *Id.*

Mr. Banks signed the IFP form on July 23, 2012. Three of the $350 filing fees that Mr. Banks says were paid pursuant to gifts from the Moorish Science Temple were

4

paid within the twelve month period prior to July 23, 2013, specifically, the filing fees in Case No. 11 C 6113 (paid Jan. 18, 2012), Case No. 12 C 2341 (paid Marc. 29, 2012), and 12 C 3833 (paid July 9, 2012).  Thus it is clear that Mr. Banks's sworn IFP application was false.  He concealed, and did not disclose, the gifts that he now says he received from the Moorish Science Temple during the relevant period to pay the filing fees in these cases.  Mr. Banks' response to the show cause order also indicates that he received other gifts from the same entity, which he used for various purposes and likewise did not disclose.

In short, Mr. Banks has been caught in a lie.  He submitted a false IFP form despite being warned in writing that it was submitted under penalty of perjury and that if the form was false, his case would be dismissed.  The fact that Mr. Banks has since paid the filing fee in the present case does not excuse his fraud.  The Court is required to dismiss a suit when the allegations made in an IFP application are false.  *See* 28 U.S.C. § 1915(e)(2)(A); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002).  Dismissal of the case with prejudice is appropriate, because Mr. Banks fraudulently attempted to conceal assets in hope of avoiding the required filing fee.  *See Thomas*, 288 F.3d at 306-07; *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011) (explaining that it is appropriate to dismiss a suit with prejudice for fraudulent conduct).

## Conclusion

For the foregoing reasons, the Court directs the Clerk to enter judgment dismissing this case with prejudice.  All pending motions are terminated [nos. 15 & 17].

_____
MATTHEW F. KENNELLY
Date:  April 29, 2013                                      United States District Judge